UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD E. SPEARMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>        Defendants. | No. 2:21-cv-1213 KJN P<br><br><br>ORDER |

      Plaintiff is a pretrial detainee housed in the Sacramento County Jail proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      On August 25, 2021, the undersigned recommended that this action be dismissed based on plaintiff's failure to either pay the court's filing fee or submit a completed request to proceed in forma pauperis. On August 27, 2021, plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Therefore, the findings and recommendations are vacated. Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff sues the Department of State Hospitals and the Department of Developmental Services claiming that he was found incompetent to stand trial on March 8, 2021, but has not been transferred to a state hospital for treatment.  He alleges such delay violates the Speedy Trial Act.

Discussion

Plaintiff's complaint is not on the court's form and fails to identify the relief he seeks. Because his pleading violates Rule 8(a) of the Federal Rules of Civil Procedure, his complaint is dismissed with leave to amend.  Plaintiff must set forth whether he seeks money damages or injunctive relief, or both.  If plaintiff seeks injunctive relief, he must specify the relief he seeks.

Plaintiff also names two state agencies as defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency in its official capacity unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against the named defendants in their official capacities are frivolous and must be dismissed.  In any amended complaint, plaintiff must name the individual or individuals responsible for the alleged failure to transfer plaintiff to a state hospital for treatment.

////

1   In addition, plaintiff's claim under the Speedy Trial Act has been rejected by the Court of
2   Appeals for the Ninth Circuit.  See Trueblood v. Washington State Dep't of Soc. & Health Servs.,
3   822 F.3d 1037, 1042-44 (9th Cir. 2016), overruled on other grounds by 822 F.3d 1037 (9th Cir.
4   2016).  In Trueblood, the Ninth Circuit explained that due process -- not the right to a speedy trial
5   -- governs pretrial detention.  See id. at 1042.  The court explained that the right to a speedy trial
6   is "ill-suited" to claims based on pretrial detention, because the claims do not arise from a delay
7   in the criminal proceedings.  Rather, "[t]heir complaint is that they should receive a timely
8   determination of competency --  a go or no-go decision on whether their criminal proceedings
9   will move forward and whether they are eligible for restorative services." Id. at 1043.  "Many of
10  them will never be tried, or might not be tried until after a lengthy restorative treatment process.
11  Their focus is not the guarantee of a speedy trial." Id. at 1043-44.
12  Thus, while plaintiff cannot state a cognizable civil rights claim under the Speedy Trial
13  Act, it appears plaintiff can potentially state a cognizable Fourteenth Amendment due process
14  claim based on his continued and lengthy housing in jail rather than being promptly transferred to
15  a state hospital for treatment.  See Trueblood, 822 F.3d at 1037 (9th Cir. 2016) (finding
16  defendants Alder and Waiblinger liable for violating pretrial detainees constitutional rights by
17  detaining them in jail for months while they await competency); Oregon Advocacy Ctr. v. Mink,
18  322 F.3d 1101, 1122 (9th Cir. 2002) (upholding an injunction requiring a state hospital to admit
19  criminal defendants within seven days of the order of commitment, in light of the "significant,
20  ongoing" violations of substantive and procedural due process" presented by delayed admittance);
21  Willis v. Wash. State Dep't of Social & Health Servs., 2017 WL 1064390, at *6 (W.D. Wash.
22  Mar. 21, 2017) ("Although Mink did not establish a bright line rule, it held that 'weeks or
23  months' was too long where the plaintiffs were detained for an average of one month.  The nature
24  and duration of [plaintiff's] ninety-one day detention . . . bears no reasonable relation to the
25  evaluative and restorative purpose for which he was committed.").  Here, as of October 6, 2021,
26  plaintiff remains housed in the Sacramento County Jail, and therefore has been held for 212 days
27  after he was found incompetent to stand trial.  Thus, plaintiff is granted leave to file an amended
28  complaint based on the alleged violation of his Fourteenth Amendment due process rights.

Leave to Amend

Because of the above-described deficiencies, the complaint must be dismissed. However, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is required to file his amended complaint on the court's form for bringing a civil rights action under 42 U.S.C. § 1983.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The August 25, 2021 findings and recommendations (ECF No. 5) are vacated;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

    4. Plaintiff's complaint is dismissed.

    5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint using the court's form complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice, and this order. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint under 42 U.S.C. § 1983 by a prisoner.

Dated: October 7, 2021

/spear1213.14n

KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD E. SPEARMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>　　　　Defendant. | No.  2:21-cv-1213 KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits an amended complaint using the court's form and complying with the court's order filed October \_\_\_\_, 2021.

_____　　　　　　Amended Complaint
DATED:

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　Plaintiff