UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN, | No. 2:21-cv-1213 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STEPHANIE CLENDENIN, et al., | |
| Defendants. | |

Plaintiff, presently housed in the county jail, appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. By order filed October 8, 2021, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff filed an amended complaint.

Plaintiff alleges defendants violated his right to a speedy trial and his due process rights under the Fourteenth Amendment by failing to timely place plaintiff in a state mental hospital for treatment, as ordered by the state court on March 3, 2021, finding plaintiff incompetent to stand trial, and also failing to treat plaintiff. Plaintiff names as defendants Stephanie Clendenin, director of the State Department of State Hospitals, as well as the California Department of State Hospitals. Plaintiff seeks money damages.

The amended complaint states a potentially cognizable due process claim for relief against defendant Stephanie Clendenin pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the

1

allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

On the other hand, plaintiff fails to state cognizable civil rights claims against the defendant California Department of State Hospitals, and plaintiff's allegation that his right to a speedy trial is being violated also fails to state a cognizable claim.

The California Department of State Hospitals is a state agency. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency in its official capacity unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Thus, plaintiff's claims against the California Department of State Hospitals is frivolous and must be dismissed.

In addition, plaintiff's claim under the Speedy Trial Act should also be dismissed. The Court of Appeals for the Ninth Circuit has explained that due process -- not the right to a speedy trial -- governs pretrial detention. See Trueblood v. Washington State Dep't of Soc. & Health Servs., 822 F.3d 1037, 1042-44 (9th Cir. 2016), overruled on other grounds by 822 F.3d 1037 (9th Cir. 2016). The court explained that the right to a speedy trial is "ill-suited" to claims based on pretrial detention, because the claims do not arise from a delay in the criminal proceedings. Rather, "[t]heir complaint is that they should receive a timely determination of competency -- a go or no-go decision on whether their criminal proceedings will move forward and whether they are eligible for restorative services." Id. at 1043. "Many of them will never be tried, or might not be tried until after a lengthy restorative treatment process. Their focus is not the guarantee of a speedy trial." Id. at 1043-44. Thus, plaintiff cannot state a cognizable Speedy Trial Act claim based on allegations resting solely on competency-related delays.

Therefore, the undersigned recommends that plaintiff's Speedy Trial Act claim and defendant California Department of State Hospitals be dismissed without prejudice. This action should proceed solely as to plaintiff's Fourteenth Amendment due process claims against defendant Stephanie Clendenin.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for defendant Stephanie Clendenin;

2. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed November 4, 2021.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for defendant Stephanie Clendenin; and

   d. Two copies of the endorsed amended complaint filed November 4, 2021.

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS RECOMMENDED that:

1. Defendant California Department of State Hospitals be dismissed; and

2. Plaintiff's claim that his rights under the Speedy Trial Rights Act be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 24, 2021

/spea1213.1amd.56

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>　　　　　　Defendants. | No.  2:21-cv-1213 TLN KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

　　　　\_\_\_\_　　　　completed summons form

　　　　\_\_\_\_　　　　completed USM-285 forms

　　　　\_\_\_\_　　　　copies of the _____
　　　　　　　　　　　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

1