UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD EDWARD SPEARMAN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>Defendants. | No. 2:21-cv-01213-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Reginald Edward Spearman's ("Plaintiff") Motions to Reopen the Case. (ECF Nos. 22, 23.) No opposition has been filed.

On June 8, 2022, the magistrate judge issued findings and recommendations, recommending that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) for failure to prosecute. (ECF No. 19.) The magistrate judge noted that although Plaintiff's copy of the order was returned, Plaintiff was properly served pursuant to Local Rule 182(f) as "it is [P]laintiff's responsibility to keep the [C]ourt apprised of his current address at all times." (*Id.*) This Court adopted the findings and recommendations in full and dismissed the action without prejudice on July 25, 2022. (ECF No. 20.)

///

1

Approximately six months later, on January 23, 2023, Plaintiff brought the instant motion to reopen the case, arguing that his change of address letter must not have gotten mailed out during his transfer and shortly before his release. (ECF No. 22.) Plaintiff listed his address as 2512 O Street Unit #10, Sacramento, California, 95816. (*Id.*) Plaintiff filed a second motion to reopen the case two months later, on March 30, 2023. (ECF No. 23.) He now states his address is at the Sacramento County Jail at 651 I Street, Sacramento, California, 95814. (*Id.*)

To the extent Plaintiff is asking the Court to reconsider its prior decision pursuant to Rules 59 or 60, Plaintiff fails to persuade the Court that such relief is warranted. The magistrate judge correctly noted that it was Plaintiff's responsibility to keep the Court apprised of his current address, and Plaintiff failed to do so until over six months after this case was dismissed.

For these reasons, the Court hereby DENIES Plaintiffs' Motions to Reopen the Case. (ECF Nos. 22, 23.) If Plaintiff wishes to proceed, he should initiate a new action with a new application to proceed in forma pauperis.[1]

IT IS SO ORDERED.

DATE: May 10, 2023

Troy L. Nunley
United States District Judge

---

[1] While no statute of limitations is contained within the express language of 42 U.S.C. § 1983, the United States Supreme Court has directed that 42 U.S.C. § 1988 "requires courts to borrow and apply to all § 1983 claims the one most analogous state statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240 (1989). As civil rights actions are best characterized as actions for injuries to personal rights, federal courts borrow the state statute of limitations that applies to personal injury actions in the forum state for both acts. *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 672–74 (9th Cir. 1991). It appears Plaintiff's action is subject to California's two-year statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); Cal. Code. Civ. Proc. § 335.1.